UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JULIE ANN McBRIDE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:15cv186 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, filed by the plaintiff on September 8, 2016. The Commissioner filed a response on September 12, 2016, indicating she has no objections to the award of fees and expenses as requested.

Discussion

On July 25, 2016, this court entered a judgment in the case vacating the decision of the Commissioner and remanding the case for a new proceeding before an ALJ who will make fresh findings on the issues involved. Plaintiff's counsel is now requesting fees in the amount of $6,163.20, calculated at the rate of $192 per hour, for 32.10 hours of work.

For a Social Security disability claimant to obtain an award of attorney's fees against the Federal Government pursuant to the EAJA, 28 U.S.C. Section 2412, this court must find: (1) that the claimant was prevailing party; (2) that the claimant had a net worth not exceeding two million dollars ($2,000,000.00) at the time the action was filed; (3) that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is

based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and (4) that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances.

A Social Security disability claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits is a "prevailing party". *Shalala v Schaefer*, 113 S.Ct. 2625, 2632 (1993). In the present case, the July 25, 2016 order remanding the case qualifies McBride as a prevailing party. Also, the parties have agreed that McBride's net worth did not exceed two million dollars at the time the action was filed.

With respect to the third criteria, the government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 556, n. 2 (1988). The government has the burden of establishing that its position was substantially justified. *Berman v. Schweiker*, 713 F.2d 1290, 1295 (7th Cir. 1983). In the present case, the government has conceded McBride's position.

Lastly, the date of the Order of the Court is July 25, 2016, and ninety (90) days from that date would be through and including October 23, 2016. Thus, the motion for fees is timely.

As all four criteria have been met in this case, the only remaining issue is whether the requested fees are appropriate. Under 28 U.S.C. Section 2412(d)(2)(A) attorney's fees shall not be awarded in excess of $125.00 per hour unless the Court determines an increase in the cost-of-living justifies a higher fee. Plaintiff's attorney has requested $192.00 per hour based on the change in the cost-of-living from March 1996, which is the base rate mentioned in the statutes through and including July 2015 which is the first date that counsel began work on the federal

court case.

To determine the increase in the cost-of-living counsel took the current index for All Urban Consumer's (CPI-U), all items (Entire Country) for July 2015 and divided that by the same index for March 1996 and multiplied times $125.00/hour and rounded off to the nearest dollar. The index for March 1996 was 155.7 and the index for July 2015 was 238.7. This information was obtained from the Bureau of Labor Statistics. The Bureau has an automated system whereby the index numbers can be obtained either by listening to a recording, talking directly to an accountant with the Bureau, or through the agency's website. Counsel obtained the information set out above by going to the website of the Bureau.

The Seventh Circuit overruled the methodology set out in *Matthews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), for determining when a court should award attorney fees under the EAJA at an hourly rate reflecting an increase in the cost-of-living. *Sprinkle v. Colvin*, 777 F.3d 421, 427 (7th Cir. 2015). The Seventh Circuit ruled that, "In order to obtain a cost-of-living adjustment" the party seeking fees "need not prove the unavailability of competent counsel willing to take the case for less than the amount requested." *Id.* at 426. Furthermore, the Seventh Circuit held that a court should award attorney fees under the EAJA at an hourly rate reflecting an increase in the cost of living when the party seeking fees (1) shows that the cost-of-living has increased to the rate requested and (2) produces evidence that the rate requested is in line with the prevailing rate in the community for similar services by lawyers of comparable skill and experience. *Id.* 426-428.

Plaintiff's counsel has also produced evidence in two previous EAJA cases that the rate requested is in line with that prevailing in a community for similar services by lawyers of

3

comparable skill and experience. *Hudnall v. Astrue*, 2012 WL 2504883 (N.D., Ind., June 28, 2012); *Weber v. Astrue*, 2012 WL 2504877 (N.D., Ind., June 28, 2012).

The Seventh Circuit did not reach the issue whether a district court should use regional or national cost-of-living data and stated that a district court has the "discretion" which data to use. *Id.* at 428. The EAJA is a national program, and should be based on national cost-of-living figures. Furthermore, Plaintiff's counsel has consistently used national cost-of-living data in his request for EAJA fees. Thus, the award based on national data is appropriate based upon program principles and consistency on the part of the Plaintiff's counsel.

In her response, the Commissioner requests that this order provide that any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, and that if the Commissioner can verify that Plaintiff does not owe a pre-existing debt to the government subject to offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment entered into between Plaintiff and her counsel.

Accordingly, on the basis of the foregoing, the court will grant McBride's petition for attorney fees and costs, subject to the above paragraph.

## Conclusion

For all the foregoing reasons, McBride's petition for attorney fees and costs under the AJA [DE 30], is hereby GRANTED.

Entered: October 5, 2016.
s/ William C. Lee
William C. Lee, Judge United States District Court